On the court's Order to Show Cause entered May 24, 1989, Order to Show Cause vacated January 24, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## FRANCIS LEE SMITH,
*Appellant.*

(88C-21250 (counts I and VI),
88C-21250 (counts II and VII); CA A50669)

785 P2d 1081

Diane L. Alessi, Deputy Public Defender, Salem, for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem, for respondent.

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant was charged in an eight-count indictment with rape and sodomy offenses occurring between May 15, 1985, and August 9, 1986. At defendant's request, the trial court severed various charges for trial, but all counts remained under the same trial court number. The first trial was held on October 14, 1988, and defendant was convicted on counts I and VI and sentenced to consecutive terms of imprisonment on November 22, 1988. Defendant filed a notice of appeal on December 20, 1988. A second trial on counts II and VII began on March 8, 1989. Defendant was convicted on both counts and sentenced on April 23, 1989. He filed a notice of appeal relating to those convictions on May 17, 1989. The circuit court dismissed the remaining charges on April 24, 1989.

On May 24, 1989, we issued an order to show cause whether the appeals were from final judgments and whether the judgment entered on April 23 should be vacated on the ground that the first notice of appeal deprived the trial court of jurisdiction to proceed. *See Ellis v. Roberts,* 302 Or 6, 725 P2d 886 (1986); *Murray Well-Drilling v. Deisch,* 75 Or App 1, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1986). In response, both defendant and the state argue that, when the charges were severed, they became separate cases, so that the first trial resulted in a final judgment on the offenses that had been tried and left jurisdiction over the remaining charges in the circuit court. We agree.

Even if several charges are included in one indictment, they do not constitute one action in the manner that several claims may constitute one action in civil proceedings. In a civil proceeding a plaintiff may join claims, ORCP 24A, and, if that is done, the claims become one action, and there can be no appeal from a judgment on one claim if less than the entire case has been determined, unless the judgment meets the requirements of ORCP 67B. *May v. Josephine Memorial Hospital,* 297 Or 525, 686 P2d 1015 (1984); *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 591 P2d 352 (1979).

When several criminal offenses arise out of the same act or transaction, they may be joined in one indictment in

several counts. ORS 132.560.[1] A defendant may move to sever the counts and, if the trial court grants the motion, there will be separate trials for the separate offenses. A clerical act that leaves severed counts under the same trial court number does not change the fact that, after severance, the counts were separate cases. The judgments here are final, and the first notice of appeal did not affect the trial court's jurisdiction over the remaining charges.

Order to show cause vacated.

---

[1] Defendant was indicted before the amendments to ORS 132.560 by Or Laws 1989, ch 842, § 1.