**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edward L. POWELL, Defendant–Appellant.**

**No. 93–10113.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 1994.

Decided May 12, 1994.

---

Richard B. Mazer, San Francisco, CA, for defendant-appellant.

George L. Bevan, Jr., Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.

Opinion by Judge T.G. NELSON.

T.G. NELSON, Circuit Judge:

## I

## OVERVIEW

Edward L. Powell (Powell) appeals his conviction on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court severed the firearm charge from three unrelated counts. The principal issue on appeal is whether Powell's appeal from the first trial on the three severed counts divested the district court of jurisdiction, thereby precluding trial on the remaining firearm count. We hold that the district court had jurisdiction and affirm.[1]

## II

## FACTS AND PROCEDURAL HISTORY

On June 21, 1991, a federal grand jury in the Northern District of California returned a four-count superseding indictment against Powell, charging him with conspiracy and attempt to murder a witness to prevent testimony in an official proceeding in violation of 18 U.S.C. §§ 371, 1512, 1515 (counts one and two); use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (count three); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count four). The district court granted Powell's motion to sever count four from the first three counts on September 26, 1991.

Trial commenced on counts one through three in November 1991. The evidence presented at this first trial established that Rickey Bradley[2] and Powell paid Curtis Young to murder Michael Williams. *See United States v. Bradley*, 5 F.3d 1317, 1319 (9th Cir.1993) (appeal after first trial on counts one through three). Williams was to be a witness in a federal drug, income tax and money laundering case against James Beasley who was a business associate of Bradley. Powell and Bradley gave Young a handgun with which to murder Williams. They paid him $10,000 in two installments to commit the murder. However, Young sold the gun, failed to carry out the murder, and kept the money his co-conspirators had paid him.

A jury convicted Powell on counts one through three. He was sentenced on May 19, 1992, and filed his notice of appeal that same day. On September 28, 1993, we reversed the convictions on these three counts holding that the district court abused its

---

1. Other issues raised by Powell are disposed of in a separate unpublished disposition.

2. Rickey Bradley was also charged with counts one through three in the superseding indictment. Bradley was not charged with count four, the sole count at issue here.

discretion in admitting evidence of a second, uncharged homicide in which Powell had allegedly murdered another individual. *See id.* at 1317–22.

On August 24, 1992, trial commenced on count four which charged Powell with being a felon in possession of a firearm. The jury convicted Powell as charged in count four and he was sentenced to 293 months in prison on February 4, 1993. This timely appeal followed.

## III

## DISCUSSION

### A. *Waiver*

■ Powell did not challenge the district court's jurisdiction before that court. Nonetheless, we review questions of jurisdiction even if raised for the first time on appeal. *See Ratanasen v. California Dept. of Health Servs.,* 11 F.3d 1467, 1473 (9th Cir.1993) (jurisdictional questions constitute an exception to general waiver rule); *see also Richardson v. United States,* 943 F.2d 1107, 1112–13 (9th Cir.1991) (subject matter jurisdiction cannot be conferred on federal courts by actions of parties, and thus waiver principles do not apply), *cert. denied,* —— U.S. ——, 112 S.Ct. 1473, 117 L.Ed.2d 617 (1992). We review the district court's exercise of jurisdiction *de novo. Scott v. Younger,* 739 F.2d 1464, 1466 (9th Cir.1984).

### B. *Jurisdiction*

■ We must decide whether an appeal from convictions on severed counts deprives the district court of jurisdiction over the remaining count. We conclude that it does not. This is an issue of first impression in our circuit and we have not discovered other federal authority to assist us. However, an Oregon Court of Appeals decision provides some guidance. *See State v. Smith,* 100 Or. App. 284, 785 P.2d 1081 (1990).

In *Smith,* the trial court had severed various counts for trial. The defendant appealed his conviction on the first two severed counts in December 1988. He was subsequently convicted on the remaining counts and appealed those convictions in May 1989. The Oregon Court of Appeals issued an order to show cause whether it should vacate the latter judgment on the ground that the first notice of appeal deprived the trial court of jurisdiction to proceed. *Id.* 785 P.2d at 1081. Consequently, that court confronted the identical issue presented in this case: whether filing a notice of appeal after sentence is imposed on severed counts divests the district court of jurisdiction to try the remaining counts. *Smith* concluded that the first appeal did not divest the trial court of jurisdiction. *Id.* at 1081–82. We agree. Several reasons justify our conclusion.

First, a divestiture rule such as the one Powell proposes would be inconsistent with Federal Rule of Criminal Procedure 14. A defendant may move for severance pursuant to Rule 14 which permits the district court to order *separate trials* on severed counts "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses ... in an indictment." (emphasis added). Rule 14 contemplates the need for two separate trials when severance occurs. Accordingly, each conviction on severed counts should be separately appealable upon the imposition of sentence.

In *Smith,* the Oregon Court of Appeals stated that "when the charges were severed, they became separate cases, so that the first trial resulted in a final judgment on the offenses that had been tried and left jurisdiction over the remaining charges in the circuit court." *Smith,* 785 P.2d at 1081. This result makes sense. The fact that the district court found severance appropriate indicates that the Government could have charged the counts in separate indictments, in which case the charges contained in each indictment would be tried and appealed separately. In that situation, there would be no doubt but that the district court would have jurisdiction over the charges contained in the second indictment, even if an appeal on the first indictment were pending. Severance is analogous to charging the defendant in two separate indictments and the same result should ensue.

Second, contrary to Powell's suggestion, this non-divestiture rule does not run afoul of the final judgment rule in criminal cases.

Final judgment in a criminal case means sentence. The sentence is the judgment. . . . In criminal cases, as well as civil, the judgment is final for the purposes of appeal when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined.

*Berman v. United States,* 302 U.S. 211, 212–13, 58 S.Ct. 164, 165–66, 82 L.Ed. 204 (1937) (internal citations and quotations omitted); *see also United States v. Carnes,* 618 F.2d 68, 69 (9th Cir.) (sentence is final judgment in criminal cases), *cert. denied,* 447 U.S. 929, 100 S.Ct. 3028, 65 L.Ed.2d 1124 (1980). When sentence was imposed on the severed counts, Powell was entitled to appeal because there was nothing left to be done but to enforce the sentence. The fact that he had not yet been tried on the remaining count did not preclude him from appealing the convictions after the first trial. Similarly, when sentence was imposed after the second trial on the severed firearm count, Powell was entitled to appeal that conviction. Therefore, in no way has Powell's right to appeal been compromised.

Finally, failure to apply the divestiture rule in the case of severed counts does not defeat the purpose of the rule. The divestiture of jurisdiction rule "is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before the two courts at the same time." *United States v. Claiborne,* 727 F.2d 842, 850 (9th Cir.) (divestiture rule discussed in context of defendant's interlocutory vindictive prosecution appeal), *cert. denied,* 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*" *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (emphasis added). As *Griggs* and *Claiborne* indicate, the divestiture rule was created to prevent two courts from simultaneously considering the same issues in, or aspects of, a case. However, given the rule's purposes to avoid confusion or waste of time,

"the rule should not be employed to defeat its purpose or to induce needless paper shuffling." *Claiborne,* 727 F.2d at 850 (internal quotation omitted).

The divestiture rule is clearly applicable in a case where the defendant claims a right not to be tried at all. The appealability of district court orders denying the defendant's motion to avoid trial was established in *Abney v. United States,* 431 U.S. 651, 659–60, 97 S.Ct. 2034, 2040–41, 52 L.Ed.2d 651 (1977) (double jeopardy), and applied in *Claiborne* (immunity from prosecution). As the Court noted in *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), "[the] right not to be tried . . . must be upheld prior to trial if it is to be enjoyed at all." *Id.* at 861, 98 S.Ct. at 1553 (denial of motion to dismiss indictment on speedy trial grounds not immediately appealable). Even in an *Abney*-type situation, the divestiture of trial court jurisdiction is not absolute. Rather, we may apply the "dual jurisdiction" rule which provides that an appeal from the denial of a motion seeking to establish a right not to be tried does not divest the district court of jurisdiction if the district court has found that motion to be frivolous. *See Claiborne,* 727 F.2d at 850–51.

This case is distinguishable from *Abney*-type cases. Powell does not claim that the resolution of the issues involved in the first appeal would have in any way barred trial on the firearms count. The three counts in the first trial involved conspiracy and attempt to murder a federal witness in September 1990. The count at issue in this appeal involves Powell's possession of a firearm from January 1991 through April 1991. This is not a case in which the same issues were before two courts at the same time. Absent some commonality of issues, there was no potential for confusion or waste of resources when the district court proceeded to trial on the fourth count while appeal was pending from the convictions on the first three counts. Application of the divestiture rule in this case would not only create needless paper shuffling, but it would significantly delay and disrupt the criminal trial proceedings. *See id.* Accordingly, we conclude that Powell's first appeal did not divest the district court

of jurisdiction to try the remaining severed firearm count.

Powell also claims that "[a]t least one commentator has observed that there may not be a final judgment until all counts of an indictment have been resolved," citing 15B Wright, Miller & Cooper, Federal Practice and Procedure § 3918.7 (1992), at 536–37. The cited section states that there is no final judgment "if sentence is imposed on some counts, but the court expressly *defers* imposition of sentence on the other counts." § 3918.7, at 536–37 (emphasis added). The situation presented in *Wright & Miller* is distinguishable from the one presented in this case. This case does not involve the district court imposing sentence on some counts and *deferring* imposition of sentence on other counts. Rather, it involves imposition of two separate sentences on *severed* counts, each of which is separately tried and separately appealed. As *Smith* concluded, "[t]he judgments here are final, and the first notice of appeal did not affect the trial court's jurisdiction over the remaining charges." 785 P.2d at 1082.

### C. *Grouping Offenses*

Powell suggests in his reply brief that grouping of offenses for sentencing under the Sentencing Guidelines might disadvantage him if he were to be sentenced separately on several counts. While this may be a possibility the district courts should keep in mind following a severance, it is clearly a moot issue as to Powell, given the reversal of his convictions on the first three counts.[3]

### IV

### CONCLUSION

We conclude that the district court had jurisdiction to try the severed firearm count.

AFFIRMED.

---

3. The Government responded at oral argument that the firearms charge was not groupable with the other charges. This also is an issue we need not reach in view of the reversal on the other charges.