USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 97-1358

 UNITED STATES,
 Appellee,

 v.

 LEE H. LEICHTER,
 Defendant, Appellant.

 ____________________

No. 97-1359

 UNITED STATES,
 Appellee,

 v.

 JOHN F. CVINAR,
 Defendant, Appellant.

 ____________________

No. 97-1478

 UNITED STATES,
 Appellee,

 v.

 DAVID W. PRIGMORE,
 Defendant, Appellant.

 ____________________

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Joseph L. Tauro, U.S. District Judge]

 ____________________ Before

 Torruella, Chief Judge,

 Campbell, Senior Circuit Judge,

 and Boudin, Circuit Judge.

 _____________________

 Richard G. Taranto, with whom Farr & Taranto, Robert D. Keefe,
Daniel W. Halston, Jason T. Sherwood, Hale and Dorr LLP, Andrew
Good, Harvey A. Silverglate, Silverglate & Good, William H.
Kettlewell, Amy Baron-Evans, Michael B. Galvin and Dwyer & Collora,
LLP were on brief, for appellants.
 Stephen Andrew Higginson, Special Assistant United States
Attorney, with whom Mark W. Pearlstein, Acting United States
Attorney, and Michael Loucks, Assistant United States Attorney,
were on brief, for appellee.

 ____________________

 November 3, 1998
 ____________________ TORRUELLA, Chief Judge. Defendants Lee H. Leichter,
David W. Prigmore, and John F. Cvinar, former employees of C.R.
Bard, Inc. ("Bard"), who were charged in a multi-count indictment
arising from Bard's manufacturing and distribution of heart
catheters, appeal their convictions on one count each of conspiring
to defraud the Food and Drug Administration ("FDA") by impairing
its lawful governmental functions. They were each sentenced to 18
months of imprisonment and two years of supervised release. 
However, the execution of their sentences was stayed pending the
outcome of appeal. Appellants contend that, at this time, we lack
appellate jurisdiction to consider their appeal. We find that the
existence of other untried counts against the appellants renders
the district court's judgment on the conspiracy count non-final. 
Accordingly, we dismiss this matter without prejudice to any
subsequent appeal upon entry of final judgment by the district
court.
 I. BACKGROUND Appellants Leichter, Prigmore, and Cvinar (and other
defendants) were indicted on over 390 counts stemming from Bard's
manufacture and sale of non-FDA-approved heart catheters. Count
One of the indictment charged appellants with conspiring to defraud
the government in violation of 18 U.S.C. 371 through an allegedly
fraudulent scheme involving the sale of adulterated heart catheters
and the concealment of material facts from the FDA. The district
court sua sponte decided to proceed to trial against appellants
only as to Count One, deferring further proceedings on the
remaining counts. After two months of trial, a jury returned a
verdict finding appellants guilty of the conspiracy count. The
district court sentenced each appellant to 18 months of
imprisonment and two years of supervised release, and imposed a
special assessment of $50 for each conviction. The execution of
the sentences have been stayed pending the outcome of appeal, and
none of the appellants is now in prison. Following appellants'
conviction on the first count, the government dismissed all but 38
of the other counts against them. On March 13, 1997, the district
court entered judgment on the Count One conviction. Shortly
thereafter, appellants filed timely notices of appeal to preserve
their right of appeal.
 On April 4, 1997, appellants filed a motion requesting
that this court remand the matter to the district court, alleging
that no final judgment had entered inasmuch as numerous other
untried counts remained pending. On May 6, 1997, this court
dismissed the matter without prejudice to appeal upon the entry of
final judgment. In response, the government filed a motion to
reconsider, arguing that, when the district court, on its own
initiative, proceeded to trial on only the conspiracy count, the
court, in effect, severed that count from the other charges, and
thus created a separately appealable case. On September 18, 1997,
this court withdrew its May 6 dismissal order, and allowed the
parties to brief the merits of their case on appeal. However, the
jurisdictional issue remains a threshold question, which we now
address below.
 II. DISCUSSION
 The jurisdiction of this court is limited to "all final
decisions of the district courts of the United States . . . ." 28
U.S.C. 1291 (emphasis added). "This requirement of finality is
particularly strict in criminal proceedings because the disruption
and delay caused by interlocutory appeals 'are especially inimical
to the effective and fair administration of the criminal law.'" 
United States v. Sorren, 605 F.2d 1211, 1213 (1st Cir. 1979)
(quoting Abney v. United States, 431 U.S. 651, 657 (1977)). "Final
judgment in a criminal case means sentence. The sentence is the
judgment." Berman v. United States, 302 U.S. 211, 212 (1937). 
 However, "a criminal judgment involving multiple counts
is not final and appealable unless the record discloses the precise
disposition (e.g., the sentence) for each count." United States v.
Luciano-Mosquera, 63 F.3d 1142, 1148 n.2 (1st Cir. 1995), cert.
denied, 116 S. Ct. 1879 (1996); see also United States v. Wilson,
440 F.2d 1103, 1104 (5th Cir. 1971) ("when a multi-count indictment
and verdict are involved, it is essential for post-conviction
review that the record disclose the precise sentence for each
count"); 15B Charles Alan Wright, Arthur R. Miller, & Edward H.
Cooper, Federal Practice and Procedure 3918.7, at 536-37 (2d ed. 
1992) ("if sentence is imposed on some counts, but the court
expressly defers imposition of sentence on other counts, there is
no final judgment"). Thus, we agree with appellants that we
currently lack appellate jurisdiction due to the presence of 38
untried counts, which precludes the issuance of a final judgment
against them. Ultimately, we prefer to view a final judgment as
one disposing of all counts or claims with respect to all parties.
 The government contends that, when the district court
judge decided to conduct a separate trial on Count One, he severed
that count from the remaining counts pursuant to Fed. R. Crim. P.
14. Thus, according to the government, the district court created
a separately appealable criminal case. By urging us to hear this
appeal now, the government, at bottom, is attempting to preserve
its remaining counts in case of reversal on the first count without
being forced to try those counts now.
 The power to order separate trials "rests within the
broad discretion of the District Court as an aspect of its inherent
right and duty to manage its own calendar." United States v. Gay,
567 F.2d 916, 919 (9th Cir. 1978). The record reflects that the
district court, on its own initiative, ordered a separate trial on
Count One for case management reasons. As the hearing transcript
shows, the district court judge separated Count One from the other
counts because he assumed, albeit incorrectly, that, whatever the
outcome of the trial on that count, the government would dismiss
the remaining counts. We believe that the district court did not
abuse its discretion in following such a course under its case
management authority, nor does the government claim abuse.
 The government's argument based on Rule 14 is doubly
mistaken. First, the district judge did not rely upon Rule 14, see
infra, but on its separate case management authority. Nor is there
any reason to think that Rule 14 was applicable in this case: there
was no claim by either side, nor any finding by the judge, that
either the defendant or government would be "prejudiced" by
joinder. Not every trial management decision is designed to avoid
prejudice.
 But there is a second and more fundamental reason why
Rule 14 is irrelevant. Rule 14 refers to "severance" but also to
"whatever relief justice requires." While the separation of
defendants, or less often counts, into two separate cases is a form
of relief commonly granted under Rule 14, nothing in the rule says
or means that every action taken under Rule 14 to remedy prejudice
necessarily involves the separation of a case into two separate
cases. Such a separation is merely one form of permissible relief
and that relief was not granted in this case.
 The truth is that neither Rule 14 or any other Federal
Rule of Criminal Procedure directly addresses the question of when
a criminal matter comprises a separate appealable unit. When
making such determinations, the courts have relied essentially on
policy and precedent. The prevailing practice has been to treat
"the case" as the basic unit for an appeal. The question of when
a case has been separated into "two cases," each separately
appealable, depends upon the circumstances. 
 In our view, two objectives are important: first,
preserving the district judge's flexibility to manage litigation,
reserving a trial court's authority (subject always to appropriate
review) to sever a single case into two cases or to take lesser
steps such as retaining a single case but ordering two trials. The
other objective, in our view, is to provide the clearest possible
notice to litigants (and to the appellate court) as to whether
there has been a severance into two cases, notice that is
especially important because of the time limits that require an
appeal to be taken within a fixed period of time.
 With this latter concern in mind, we think that where a
matter originated as one case, normally it should be treated as two
cases only where the district court has made clear its intention to
sever the case into two cases. In the present instance, there was
no formal severance; there was no indication that separate dockets
were established for the separately tried counts; and the trial
judge indicated his doubt as to whether the judgment on the first
count alone could be appealed. Under these circumstances -- unless
sentence has been executed -- we conclude that no appeal can be
taken on the first count until all counts have been tried and
sentenced.
 There is nothing in this view that is inconsistent with
United States v. Powell, 24 F.3d 28, 30-31 (9th Cir. 1994), relied
upon by the government. That case effectively held that when a
severance occurs under Rule 14, each conviction on the separate
count should be separately appealable upon the imposition of
sentence. See id. at 30. In this case, the question is whether a
severance creating two cases has occurred and we find, for the
reasons indicated, that it has not.
 The government also cites several cases in which appeals
courts have assumed jurisdiction although less than all counts had
been resolved. See, e.g., United States v. Bay State Ambulance
Hosp. Rental Serv., Inc., 874 F.2d 20, 22 (1st Cir. 1989) (appeal
of conviction on some counts, even though jury also hung on another
count); United States v. Richardson, 817 F.2d 886, 887 (D.C. Cir.
1987) (same); United States v. Levasseur, 816 F.2d 37, 45 (2d Cir.
1987) (appeal of conviction on some counts, even though other
counts remained untried). However, these courts failed to comment
on the jurisdictional issue. Thus, we find them to be far from
compelling. For instance, this court's Bay State decision is
silent as to the status of the disposition of the hung count. 
Perhaps the government dismissed the hung count prior to appeal,
mooting the jurisdictional issue. In the alternative, the Bay
State panel may not have detected a jurisdictional problem despite
the existence of the hung count. In any event, the Bay Statecourt's grounds for assuming appellate jurisdiction are not
apparent from the opinion, and it remains unpersuasive precedent on
this issue.
 It is important to note that the district has stayed the
execution of appellants' sentences for the Count One conviction. 
"The insistence on final disposition of all counts . . . is
reasonable unless an attempt is made to enforce the sentence on the
counts that have been finally resolved." 15B Wright, Miller,
Cooper, Federal Practice and Procedure 3918.7, at 537 (2d ed. 
1992). Otherwise, "[i]mmediate appeal must be allowed before a
partial sentence can be executed." Id. Here, we do not confront
a situation in which appellants are languishing in jail awaiting
trial on the remaining counts. According, we hold that we
presently lack appellate jurisdiction to consider this appeal.
 III. CONCLUSION
 For the foregoing reasons, we dismiss this appeal without
prejudice to subsequent appeal upon disposition of all pending
counts.

 "Dissent follows" CAMPBELL, Senior Circuit Judge (dissenting). I disagree
that in these circumstances no "severance" has occurred. It seems
to me that the district court's ordering of a separate trial of the
conspiracy counts while leaving the plethora of other counts
untried and in limbo (with no plans or agreement as to their future
disposition) constituted a de facto severance of the former. As
would be true in a severed case, I believe the final judgment on
the tried counts is immediately appealable. See United States v.
Powell, 24 F.3d 28, 30-31 (9th Cir. 1994).
 My colleagues would depend upon the label used or not
used by the district judge to decide whether there was a 
severance, holding there is none unless the judge specifically so
announces. On the present facts, this approach has the practical
effect of enabling the district judge to do what the law otherwise
would not allow namely, to put the government in a position where
it will likely have to drop all the remaining counts. For,
assuming the judge continues not to execute the currently imposed
sentences, a stalemate will exist that the government can break
only by seeking dismissal of all the remaining untried counts. 
 My colleagues say, perhaps tongue in cheek, "[t]here is
nothing preventing the government from proceeding on the remaining
counts," see note 5; but the practical implications of so doing,
where a trial followed by conviction has just been concluded on the
conspiracy counts, makes that course implausible. Trying the
remaining counts now would be at odds with the rationale for
originally separating the counts. Another trial would be wasteful
and futile so long as the possibility exists that the convictions
under the already tried counts will be affirmed on appeal, perhaps
rendering further proceedings unnecessary from the government's
perspective. 
 The most practical alternative, under this court's
ruling, is for the government to drop all the remaining counts. 
This will permit the appellate process to occur and the current
sentence to take effect if the judgment is affirmed. Defendants'
guilt or innocence will thus stand or fall on the outcome of that
appeal, and the government will have permanently surrendered the
ability to utilize the other counts should the appeal succeed (or
for any other reason). This court's ruling, therefore, has the
effect of compelling or, at least, strongly pressuring the
government to dismiss counts, an authority the courts by themselves
do not possess.
 I fully accept that, when multiple counts are prosecuted
together, they may sometimes be best treated as a single unit for
appeal. See 15B Charles Alan Wright, Arthur R. Miller & Edward H.
Cooper, Federal Practice and Procedure 3918.7, at 536-37 (2d ed.
1992) (where prosecution of a multi-count indictment proceeds
together, "[t]he insistence on final disposition of all counts,
treating the entire prosecution as a single judicial unit, is
reasonable . . . ."). (This approach, of course, is contingent
upon the postponement of the sentences already imposed on some of
the counts, so that defendants are not languishing in jail. My
colleagues agree that if a sentence, once imposed, is executed, an
immediate appeal must be allowed, even if unsentenced counts
remain.)
 But while the above principle (i.e. treating all counts
as a unit for appeal) has been accepted in appropriate
circumstances, it is also clear that unlike the situation on the
civil side there can be no general principle in a criminal case
that all counts be disposed of before appeal. Compare Fed. R. Civ.
P. 54(b). Such a rule could not work in cases where the imposed
sentence is executed, supra, and even without execution might
be inappropriate in some other cases given the chilling effect of
an unexecuted sentence. Hence it is only in some criminal cases
that, after imposition of sentence on one or more counts, an
immediate appeal will be disallowed. As the majority properly
notes, the established general rule in criminal cases is that,
"[t]he sentence is the judgment." 
 Here, I believe my colleagues push too far with what is
the occasional exception in the criminal sphere to the usual rule
that a sentence forms an immediately appealable judgment. This is
not a case where the unsentenced counts were treated prior to
sentencing in a unitary fashion with the tried counts. The
remaining counts here were, in fact, never set for trial. No plan
or agreement exists even now for their disposition. To postpone
the appeal on the tried counts until action is taken on the
remainder serves no purpose other than to unfairly penalize the
government, since no action on such counts prior to appeal is 
really contemplated. To be sure, defendants are not in jail; they
are, indeed, happy, since my colleagues' analysis, which defendants
entirely support, will likely pressure the government to drop all
the remaining counts against them. What the majority's holding
accomplishes is to erode the government's rightful power to retain
the remaining counts as an anchor to windward or for whatever other
purpose. The court's analysis is predicated on what seems to me an
unreal distinction between an express severance and what was, in
every functional respect, a severance in fact, i.e., the entirely
separate disposition through trial and sentencing of the conspiracy
counts. I would hold that actions speak louder than words a
severance has in fact occurred, and the right to appeal applicable
to counts severed under Fed. R. Crim. P. 14 should apply here.