**NOT FOR PUBLICATION**

FILED

MAR 03 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALPHA SERVICES, LLC, an Idaho Limited Liability Company; ROBERT ZAHARIE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> THOMAS E. PEREZ, U.S. Secretary of Labor, in his official capacity; U.S. DEPARTMENT OF LABOR ADMINISTRATIVE REVIEW BOARD; LAURA FORTMAN, Principal Deputy Wage and Hour Administrator, in her official capacity, <br><br> Defendants-Appellees. | No. 14-35765 <br><br> D.C. No. 2:14-cv-00012-BLW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Richard C. TALLMAN, Circuit Judge, Presiding

Argued and Submitted February 7, 2017
Seattle, Washington

Before: FISHER, PAEZ, and CALLAHAN, Circuit Judges.

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In 2010, the Department of Labor (the "Secretary") fined Alpha Services, LLC ("Alpha"), a forestry services company, for attaching trailers to its crew-carrier pickup trucks in violation of 29 C.F.R. § 500.105(b)(2)(ix). The Administrative Review Board (the "Board") determined that Alpha's crew-carrier pickup trucks were "trucks" and not "buses" under this regulation, and upheld the fine. Alpha appealed the Board's decision to the District Court, which found that the Board's interpretation of the regulation was entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), and affirmed the Board's decision. Alpha timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The Secretary challenges the District Court's exercise of jurisdiction over this case, contending that Alpha did not timely appeal the Board's decision. We "review the district court's exercise of jurisdiction *de novo*." *United States v. Powell*, 24 F.3d 28, 30 (9th Cir. 1994) (citing *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984)) (emphasis original). Alpha was required to file a notice of appeal with the district court within thirty days of the Board's decision. 29 U.S.C. § 1853(c). Within thirty days of the Board's decision, Alpha filed a document titled "complaint." Federal Rule of Appellate Procedure 3 cautions that "[a]n appeal must not be dismissed for informality of form or title of the notice of

appeal," Fed. R. App. P. 3(c)(4), and dismissal of an appeal for "[i]mperfections in noticing an appeal" is inappropriate "where no genuine doubt exists about who is appealing, from what judgment, to which appellate court," *Becker v. Montgomery*, 532 U.S. 757, 767 (2001) (discussing signature requirement). Because Alpha's "complaint" sets forth Alpha's request that the district court reverse the Board's decision, Alpha timely appealed the Board's ruling and the District Court had jurisdiction over Alpha's appeal.

2.      "A grant of summary judgment by the district court is reviewed de novo." *Oregon v. Bureau of Land Mgmt.*, 876 F.2d 1419, 1425 (9th Cir. 1989) (citing *Nevada v. United States*, 731 F.2d 633, 635 (9th Cir. 1984)). The Board's interpretation, however, is entitled to deference. We need not resolve whether the Board's interpretation of the regulation at issue is entitled to deference under *Skidmore*, 323 U.S. 134, or *Auer v. Robbins*, 519 U.S. 452 (1997), because Alpha does not prevail even under the more favorable *Skidmore* standard. "The weight [accorded to an administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade . . . .'" *United States v. Mead Corp.*, 533 U.S. 218, 228 (2001) (quoting *Skidmore*, 323 U.S. at 140).

Here, the Board began with the language of the regulation itself, and noted that the Migrant and Seasonal Agricultural Worker Protection Act ("MSPA") does not define the terms "bus" and "truck." While noting that the Department of Transportation's definitions of these terms provide "useful guidance," the Board first applied canons of statutory construction. The Board determined that Alpha's interpretation of the regulation would render the regulation "unmanageable and absurdly cyclical" when read in conjunction with 29 C.F.R. § 500.105(b)(3)(vi), another subsection of the same regulation. The Board found its textual analysis bolstered by a Wage and Hour Advisory memorandum providing guidance on the interpretation of 29 C.F.R. § 500.105 and the dictionary definitions of the terms "design" and "construct." The Board concluded that Alpha's vehicles were "trucks" under the regulation based on the original design of the vehicles as trucks.

The Board's reasoning is persuasive. Its decision is thoroughly considered, logical, and well-reasoned. There is no indication that the Board's interpretation is inconsistent with earlier or later pronouncements of the Secretary. The Board's interpretation is therefore entitled to deference, and we affirm the district court's grant of summary judgment in favor of the Secretary.

3.     Alpha argues that the Secretary may not apply 29 C.F. R. § 500.105(b)(2)(ix) to the commercial forestry industry. Although Alpha initially

4

raised this argument before the District Court, it affirmatively abandoned this argument at the summary judgment hearing and conceded that the regulation validly applied to Alpha. Alpha has thus waived this argument on appeal. *See Reynoso v. Giurbino*, 462 F.3d 1099, 1110 (9th Cir. 2006) (citing *Russell v. Rolfs*, 893 F.2d 1033, 1038–39 (9th Cir. 1990)).

But even if Alpha had not waived this argument, it does not require a different result. First, the Secretary was not required to engage in notice and comment rulemaking before interpreting its own regulation to apply in a particular way, even when the new interpretation is fundamentally different from a prior one. *Perez v. Mortg. Bankers Ass'n*, 135 S. Ct. 1199, 1206 (2015). Second, we held in *Bresgal v. Brock*, 843 F.2d 1163 (9th Cir. 1987), that the MSPA applies to forestry workers. *Id.* at 1166. Alpha provides no principled reason for finding that while "agriculture" includes forestry under the MSPA statutes and "forestry workers" are "engaged in 'agricultural employment'" for purposes of the MSPA, *id.*, employers of forestry workers, such as Alpha, are not "agricultural employers" under the MSPA's implementing regulations such as § 500.105(b)(2)(ix).

**AFFIRMED.**