**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mario Alberto VALLEJO, Defendant–Appellant.**

No. 94–50652.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 1995.*

Decided Nov. 1, 1995.

As Amended on Denial of Rehearing and Suggestion for Rehearing En Banc Jan. 29, 1996.

---

1. 26 U.S.C. § 6659 has been recodified as § 6662.

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

John Lanahan, Assistant Federal Public Defender, San Diego, California, for defendant-appellant.

Joyce Fitzpatrick, Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Before BROWNING and PREGERSON, Circuit Judges, and TANNER,** District Judge.

## OPINION

PER CURIAM:

### I.

Vallejo was convicted of illegally importing a firearm (18 U.S.C. § 922(1)) and being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)), and was sentenced to twenty-four months imprisonment and three years supervised release.

On September 15, 1992, we reversed Vallejo's firearm convictions for evidentiary errors, and remanded for retrial. On November 11, 1992, Vallejo was released on bail after serving approximately seventeen months in prison. Instead of retrying Vallejo for the firearms offenses, the government issued a superseding information, charging Vallejo with importing merchandise subject to seizure in violation of 18 U.S.C. § 545, to which Vallejo pled guilty. On June 7, 1993, the district court sentenced Vallejo to "time served" plus one year of supervised release.

In February 1994, state officers arrested Vallejo for second degree burglary, felony transportation of marijuana, and possession of marijuana for sale. Based on this state arrest, the district court revoked Vallejo's supervised release and sentenced him to a one year prison term, scheduled to begin in

** The Honorable Jack E. Tanner, Senior Judge, United States District Court for the Western District of Washington, sitting by designation.

March, 1996, when Vallejo completed his state prison term. The court said:

> It will be the sentence of the court, based on all the papers, and making a finding that I do have jurisdiction ..., the sentence will be 12 months to the state charge based on everything I've read, on his history. He is the one that tried to ship the stuff to the East Coast, not you, ... not me. He deserves to be punished in the federal court. He violated the order of the federal court and, therefore, it will be 12 months.

Vallejo appeals, arguing the district court (1) did not have jurisdiction because Vallejo's term of supervised release expired before he committed the state offenses, and (2) failed to state its reasons for imposing a sentence of twelve months.

## II. Jurisdiction

■ A district court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release ... if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release...." 18 U.S.C. § 3583(e)(3). Whether the district court had jurisdiction to revoke Vallejo's supervised release is a question of law we decide de novo. *United States v. Neville*, 985 F.2d 992, 994 (9th Cir.1993).

Vallejo argues the district court did not have jurisdiction to revoke his term of supervised release because that term had expired. According to Vallejo, the supervised release began on November 11, 1992, the day he was released on bail for retrial on remand after serving seventeen months for the reversed conviction, and ended in November 1993, four months *before* his arrest on state charges. The government argues Vallejo's supervised release began on June 7, 1993, the day Vallejo was sentenced to "time served" on his plea of guilty to the charge in the superseding information.

Under the controlling statute, "[t]he term of supervised release commences on the day the person is released from imprisonment...." 18 U.S.C. § 3624(e). We interpret "[t]he statutory scheme of sentencing, including the Guidelines ... harmoniously as a whole." *United States v. Shorthouse*, 7 F.3d 149, 152 (9th Cir.1993). Vallejo argues that the language "the day the person is released from imprisonment" means the day an inmate *physically* walks out of federal prison. Because Vallejo physically left prison only once, when he was released on bail, he argues his term began on that day.

■ Vallejo's argument loses sight of the purpose of supervised release: to protect the public and "to facilitate the reintegration of the defendant into the community...." United States Sentencing Commission, *Guidelines Manual* § 5D1.1 comment (n.2) (Nov.1992). *See also* USSG § 5D1.3(b)(2) (stating that supervised release conditions may be imposed "to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.").

To achieve these goals, the Guidelines mandate certain conditions of supervised release, and recommend numerous others, many of which the district court imposed on Vallejo. *See* USSG § 5D1.3(a); 18 U.S.C. § 3583(d); USSG § 5B1.4.

■ Vallejo was not subject to many of these conditions while he was free on bail. Thus, the time Vallejo spent on bail did *not* serve the statute's goals. It will best serve Congress's purpose to interpret the statute as beginning the period of supervised release when the defendant becomes subject in fact to the terms and conditions of supervised release. *Cf. United States v. Freeman*, 922 F.2d 1393, 1397 (9th Cir.1991) (holding that a convict does not receive probation credit for time spent on bail). We hold that Vallejo's term began the day he was sentenced to time served and first became subject to the conditions of his supervised release.

We reject Vallejo's argument that the language of the statute is ambiguous, and therefore must be construed in his favor. This rule is reserved "for those situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating policies of the statute." *Moskal v. United States,* 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990) (citations omitted). Because the statute is not ambiguous in light of these factors, the rule does not apply.

Accordingly, we affirm the district court's ruling that it had subject matter jurisdiction.

### III. Sentence Calculation

Vallejo argues that he cannot adequately appeal the merits of his sentence because the district court failed to explain its ruling as required by 18 U.S.C. § 3553(c).

We agree. The court simply said "based on all the papers ... the sentence will be twelve months." This is not enough to permit meaningful review. "Without an adoption of the presentence report by the district court or an attempt to tie its sentencing decision to the Guidelines, we must vacate the sentence and remand for resentencing." *United States v. Harrison–Philpot,* 978 F.2d 1520, 1522 (9th Cir.1992); *United States v. Lockard,* 910 F.2d 542, 546 (9th Cir.1990). Accordingly, we vacate and remand for resentencing.

VACATED AND REMANDED.