**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carole MALANDRINI, Defendant–**
**Appellant.**

**No. 98–50011.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 1999.[1]

Filed May 19, 1999.

Jerald L. Brainin, Los Angeles, California, for the defendant-appellant.

Wendy O. Clendening, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BRUNETTI, WARDLAW, Circuit Judges, and SEDWICK,[2] District Judge.

BRUNETTI, Circuit Judge:

Carole Malandrini appeals the district court's ruling that she violated the terms and conditions of her supervised release. We have jurisdiction pursuant to 18 U.S.C. § 3231 and we affirm.

## I. Background

On October 26, 1989, Malandrini pled guilty in the District of New Mexico to possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1) and 841(b)(1)(C)) and aiding and abetting (18 U.S.C. § 2). The district court sentenced Malandrini on August 10, 1990 to twelve months in prison followed by a three-year term of supervised release, and ordered her to self-surrender on or before February 11, 1991. Malandrini filed a notice of appeal on August 23, 1990. On December 27, 1990 she was granted bail pending appeal. On August 24, 1992, Malandrini surrendered herself to federal prison where she served a twelve-month term. She was released from custody on August 13, 1993.

Subsequent to her release, Malandrini was arrested in San Bernardino, California, on three separate occasions for three separate crimes. On November 9, 1994 the San Bernardino Sheriff's Office arrested Malandrini for possession of a firearm by a felon, in violation of section 12021(a)(1) of the California Penal Code. At that point Malandrini's case was transferred to the Central District of California. On May 5, 1995, she was arrested for manufacturing a controlled substance in violation of section 11379.6(a) of the California Health and Safety Code. Finally, on February 16, 1996, Malandrini was arrested for sale of a controlled substance in violation of section 11379(a) of the Califor-

nia Health and Safety Code. Malandrini's state violations were consolidated into one case. On June 10, 1996, a jury in the County of San Bernardino convicted Malandrini of selling a controlled substance in violation of section 11379(a) of the California Health and Safety Code. As a result, the United States Probation Office for the Central District of California filed a Petition for Action of Court, alleging that Malandrini had violated the terms of her supervised release. The district court agreed, finding that Malandrini had violated her supervised release and imposing a sentence of twelve months of incarceration, to run consecutive to the state sentence Malandrini was currently serving.

Malandrini appeals, arguing that the district court did not have jurisdiction to revoke her supervised release because her term of supervised release had expired before she committed the California offenses.

## II. Jurisdiction

 A district court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release .... if the court .... finds by a preponderance of the evidence that the defendant violated a condition of supervised release...." 18 U.S.C. § 3583(e)(3). Whether the district court had jurisdiction to revoke Malandrini's supervised release is a question of law we decide *de novo*. *United States v. Neville*, 985 F.2d 992, 994 (9th Cir.1993).

Malandrini argues that the district court did not have jurisdiction to revoke her term of supervised release because that term had expired. Specifically, she contends that her term of supervised release began on August 10, 1990, the date on which she was sentenced and the date she allegedly began complying with the terms of her supervised release. Accordingly,

2. Hon. John W. Sedwick, United States District Judge, for the District of Alaska, sitting by designation.

argues Malandrini, her three-year supervised release term expired on August 13, 1994, prior to her commission of the California violations. According to Malandrini, after her August 10, 1990 sentencing she completed two years of her supervised release and then surrendered herself and served a one-year prison term. Malandrini contends that she completed her final year of supervised release following her release from prison. The government argues that the period of supervised release did not begin until Malandrini's release from prison on August 13, 1993.

Contrary to Malandrini's protestations, the district court had jurisdiction to revoke her term of supervised release, because the term did not begin until August 13, 1993—the date that Malandrini was released from custody. Under the controlling statute, "[t]he term of supervised release commences on the day the person is released from imprisonment...." 18 U.S.C. § 3624(e). Moreover, section 5D1.1 of the Sentencing Guidelines authorizes, and in some cases requires, that courts impose a term of supervised release *following imprisonment.* *See* U.S.S.G. § 5D1.1. We therefore hold that Malandrini's supervised release did not begin until she was released from custody.

Malandrini argues that *United States v. Vallejo,* 69 F.3d 992 (9th Cir.1995), compels a different result. *Vallejo,* she argues, mandates that we find her period of supervised release began immediately after she was sentenced. It was at that point, according to Malandrini, that she began to fulfill the terms and conditions of her supervised release. *Vallejo,* however, does not command the result suggested by Malandrini.

In *Vallejo,* defendant Vallejo was convicted of illegally importing a firearm and being a felon in possession of a firearm and was sentenced to twenty-four months imprisonment and three years supervised release. *Id.* at 993. On September 15, 1992, the Ninth Circuit reversed Vallejo's conviction for evidentiary errors, and re-

manded for retrial.. *See id.* On November 11, 1992, Vallejo was released on bail after serving approximately seventeen months in prison. Instead of retrying Vallejo, the government issued a superseding information, charging Vallejo with importing merchandise subject to seizure in violation of 18 U.S.C. § 545, to which Vallejo pled guilty. *See id.* On June 7, 1993, the district court sentenced Vallejo to "time served," plus one year of supervised release. *See id.* In February 1994, state officers arrested Vallejo for committing a number of crimes. Based on that arrest, the district court revoked Vallejo's supervised release. *See id.* at 993–94.

Vallejo argued that the district court did not have jurisdiction to revoke his supervised release because it began on November 11, 1992, the day he was released from prison on bail, and before the government had filed the superseding indictment to which Vallejo pled guilty. *See id.* at 994. Vallejo contended that, because he had physically been released from imprisonment on only one occasion—when he was released on bail—his term of supervised release began on that day, pursuant to 18 U.S.C. § 3624(e). *See id.* The court rejected Vallejo's literal interpretation of the phrase, that supervised release begins on "the day the person is released from imprisonment" and held that 18 U.S.C. § 3624(e) should be interpreted to mean that the period of supervised release begins "when the defendant becomes subject in fact to the terms and conditions of supervised release." *Id.* According to the *Vallejo* court, Vallejo did not become subject to the terms of his supervised release until the date on which Vallejo was sentenced to time served plus one year of supervised release, June 7, 1993—seven months *after* he was released from prison on bail. *Id.* The court based this holding on the fact that the period during which Vallejo had been released from prison on bail, but had not yet been sentenced under the superseding indictment, did not constitute a period of "supervised release" for

purposes of 18 U.S.C. § 3624(e). *See id.* The court noted that, in the period during which Vallejo was released on bail, he was not subject to many of the conditions the district court had imposed upon him when it sentenced him to a period of supervised release. *See id.* Accordingly, Vallejo had not actually become "subject to the conditions of his supervised release" until the day he was sentenced to time served plus one year of supervised release—June 7, 1993. *See id.*

Likewise, Malandrini was not subject to the terms and conditions of her supervised release in the period during which she was free on bail. Malandrini did not actually become subject to the terms and conditions of her supervised release until the date on which she was released from prison—August 13, 1993. Following the dictates of 18 U.S.C. § 3624(e) we hold that the district court had jurisdiction to revoke Malandrini's supervised release because the period of supervised release did not begin running until after she was released from prison.

AFFIRMED.