# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3369

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Jerry Wayne House, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 15, 2007
Filed: August 21, 2007

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

_____

LOKEN, Chief Judge.

Jerry Wayne House appeals the district court's[1] order revoking his term of supervised release. House argues that revocation was unauthorized because his term of supervised release either had not begun or had ended. He also argues delay in ordering revocation violated his Sixth Amendment right to a speedy trial. We affirm.

In November 2002, House was charged with Missouri state law offenses while serving a federal term of supervised release. The district court revoked supervised

_____

[1]The HONORABLE CAROL E. JACKSON, Chief Judge of the United States District Court for the Eastern District of Missouri.

release in January 2003, sentencing House to ten months in prison followed by one year of supervised release.  In September 2003, he was released from a federal prison in Pennsylvania and promptly extradited to Warren County, Missouri, to face the still-pending state charges.  Warren County then released House on bond.  In October 2003, he acknowledged in writing the conditions of his one-year supervised release and began participating in the Eastern District of Missouri's supervised release program.  He submitted urine samples to the Probation Office that tested positive for methamphetamine and THC, admitted non-complying drug use, began an outpatient drug treatment program, and was scheduled for inpatient treatment beginning in January 2004.

In early January 2004, Warren County arrested House on new drug charges.  The district court issued a warrant charging him with violating the terms of his supervised release, but the federal government did not immediately seek revocation.  In June 2004, he was sentenced in state court to eight years in prison and began serving that sentence.  A new federal warrant was issued in January 2005 and lodged as a detainer with the Missouri prison.  At a revocation hearing in March 2005, House admitted several supervised release violations.  The district court revoked supervised release and sentenced him to thirty months in prison, to be served consecutively to the undischarged portion of his state court sentence.

More than one year later, House filed a *pro se* motion to dismiss, arguing that the district court lacked jurisdiction to issue the revocation order because his term of supervised release had expired.  The district court denied this motion and a later motion for reconsideration.  House appealed, and we appointed counsel to represent him on appeal.  Technically, the appeal is from the orders denying House's motion to dismiss and motion for reconsideration.  But like the parties we will treat the case as though it was an immediate appeal from the March 2005 revocation order.

**1.** House first argues that his term of supervised release did not begin when he was released from federal custody in September 2003 because he remained in the custody of state authorities, although free on bond. As his supervised release was therefore not in effect when he admittedly violated its conditions in late 2003 and early 2004, the district court had no power to revoke supervised release and impose a revocation sentence. We review this question of statutory authority *de novo*. See United States v. Hacker, 450 F.3d 808, 814 & n.1 (8th Cir. 2006).

The governing statute, 18 U.S.C. § 3624(e), provides in relevant part:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

Here, it is conceded that House was released from federal prison in September 2003. Under § 3624(e), that commenced his term of supervised release, except for any period in which he was "imprisoned" by Missouri authorities. As the references in § 3624(e) to concurrent probation and parole confirm, being free on bond is not the same as being "imprisoned" for purposes of this statute. Thus, House's supervised release commenced in September 2003 and was in effect when he committed multiple violations of its conditions. Indeed, he was being actively supervised by Eastern District of Missouri probation officers when he committed those violations.

In arguing that his supervised release term had not begun, House relies on United States v. Vallejo, 69 F.3d 992 (9th Cir. 1995), cert. denied, 517 U.S. 1148 (1996). But that case is clearly distinguishable. In Vallejo, the defendant had served

-3-

a portion of a federal prison sentence when his conviction was reversed on appeal. On remand, he was released on bail pending retrial, then convicted of a new charge and sentenced to time served plus a year of supervised release. Vallejo challenged a subsequent supervised release revocation on the ground that his supervised release began when he was released from prison on bail and therefore the violation occurred after the one-year term expired. The Ninth Circuit properly rejected this argument. When Vallejo's conviction was reversed on appeal, both the prison term and the supervised release term of his original sentence were set aside. Therefore, on remand, the district court had no authority to place him on supervised release. He was subject to pretrial restraints including release on conditions under 18 U.S.C. § 3142(c), but he could not be subjected to supervised release under 18 U.S.C. § 3624(e) until he was convicted of the new charge.

**2.** House next argues that, if his one-year term of supervised release began in September 2003, it expired in September 2004, before the operative revocation warrant issued in January 2005. Therefore, the district court lacked power to issue the March 2005 revocation order under 18 U.S.C. § 3583(i), which provides:

> **(i) Delayed revocation.** <u>The power of the court to revoke a term of supervised release</u> for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . <u>extends beyond the expiration of the term of supervised release</u> for any period reasonably necessary for the adjudication of matters arising before its expiration <u>if, before its expiration, a warrant . . . has been issued</u> on the basis of an allegation of such a violation.

(Emphasis added.) House's argument and the government's reply invite us to take up an issue that has divided two of our sister circuits concerning the sufficiency of the earlier January 2004 revocation warrant, which clearly was issued during the one-year term. <u>Compare</u> <u>United States v. Garcia-Avalino</u>, 444 F.3d 444, 446-47 (5th Cir.), <u>cert. denied</u>, 127 S. Ct. 141 (2006), <u>with</u> <u>United States v. Vargas-Amaya</u>, 389 F.3d 901, 907

(9th Cir. 2004). But we need not enter that debate. As the district court recognized, under the express terms of 18 U.S.C. § 3624(e), the one-year term of supervised release was tolled in June 2004 when House began serving an eight-year prison sentence imposed by the State of Missouri. Thus, the term had not expired when the second warrant issued in January 2005, nor indeed when the district court issued its revocation order in March 2005.

**3.** Finally, House argues that he was denied his Sixth Amendment right to a speedy trial by the delay in adjudicating his supervised release violations. We doubt this issue was properly raised in the district court. In any case, it is without merit because the Sixth Amendment speedy trial right does not apply to supervised release revocation proceedings, which are not stages of a criminal prosecution. See United States v. Tippens, 39 F.3d 88, 89 (5th Cir. 1994).

The revocation judgment of the district court and the related orders dated June 30, 2006, and August 30, 2006, are affirmed.

_____