# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2276

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Douglas Brice Jordan, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 11, 2009
Filed: July 9, 2009

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Douglas Brice Jordan appeals from the term of imprisonment imposed upon him after his supervised release was revoked. Jordan argues that the district court[1] erred in basing his sentence on state offenses that he committed after the tolling of his supervised release commenced. We affirm.

---

[1]The Honorable Carol E. Jackson, then Chief Judge, United States District Court for the Eastern District of Missouri.

## I.

In 2002, Jordan pleaded guilty to transportation of a stolen vehicle, possession of counterfeit and fictitious access devices, and uttering forged and counterfeit traveler's checks, in violation of 18 U.S.C. §§ 2312, 1029(a)(3), and 514, respectively. He was sentenced to thirty-seven months' imprisonment and thirty-six months' supervised release. Jordan was released in August 2004, and his period of supervised release began immediately thereafter. The district court granted Jordan's request to serve his supervised release period in North Carolina, with jurisdiction being retained in the Eastern District of Missouri.

In October 2004, the district court issued a revocation warrant for Jordan's arrest, citing the following violations of the conditions of supervision: failure to submit a monthly report, failure to maintain lawful employment, failure to notify the probation office of a change in address, and failure to pay restitution. In early 2005, Jordan committed state offenses in Virginia and Georgia. In April 2005, he was arrested in Georgia, pleaded guilty to two counts of forgery, and was sentenced to ten years in custody, three of which were to be served in state prison, with the balance to be served on probation. In September 2005, the district court issued an amended revocation warrant, which included information regarding Jordan's conviction and sentence in Georgia as well as information regarding other state charges Jordan faced, including the Virginia offense.

While in custody in Georgia, Jordan was transferred to Virginia, where he was convicted of obtaining money by false pretenses. Jordan was sentenced to five years in custody, with all but six months of the sentence suspended. Jordan returned to Georgia to finish his term of imprisonment and was released into federal custody in April 2008. In May 2008, the district court issued a second amended revocation warrant, adding information regarding the Virginia conviction.

Jordan waived a hearing and admitted to the conduct described in the second amended revocation warrant. The district court revoked Jordan's term of supervised release, calculating his guidelines sentence to be twenty-one to twenty-seven months' imprisonment. U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a). Jordan was sentenced to twenty-four months' imprisonment, the statutory maximum for his violations. 18 U.S.C. § 3583(e)(3).

II.

As an initial matter, the second amended revocation warrant was timely, even though Jordan's term of supervised release was originally set to expire in August 2007. A term of supervised release "does not run while a defendant is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." Id. § 3624(e); see also United States v. House, 501 F.3d 928, 930 (8th Cir. 2007) (holding that a one-year term of supervised release was tolled when the defendant began serving an eight-year prison sentence, rendering the operative warrant timely even though it issued sixteen months after the term began). Accordingly, Jordan's term did not run during his April 2005 through April 2008 incarceration in Georgia. It follows, then, that when the second amended warrant issued in May 2008, only nine months of his period of supervised release had run.

Jordan argues that his term of imprisonment should be based on the violations described in the October 2004 warrant because the warrant tolled his period of supervised release. Jordan contends that it is unjust to punish him for conduct following the issuance of the warrant because he did not earn credit towards the completion of his supervised release during the tolled period. If based on the non-felonious conduct described in the original revocation warrant, Jordan would face a maximum of one year imprisonment. See 18 U.S.C. § 3583(e)(3); U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a). The question presented is whether the district court had

statutory authority to sentence Jordan based on conduct occurring after the original revocation warrant issued, a matter that we review *de novo*.  See House, 501 F.3d at 929 (standard of review).

We find no support for Jordan's argument that he cannot be held accountable for his conduct occurring from the time the revocation warrant issued until he answered it.  Jordan's proposal would place criminal conduct following the issuance of a revocation warrant beyond the reach of the district court's supervision.  The district court's power to revoke is broad, and it may revoke if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3).

Jordan argues that § 3583(i) tolls the period of supervised release after an arrest warrant is issued and that he cannot violate the terms of his release when the period of release has already ceased to be in effect.  Section 3583(i), however, does not stop the running of the supervised release period; rather, it extends the district court's power to revoke beyond the supervised release period in certain circumstances:

> (i) **Delayed revocation**—The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

This section allows the district court to revoke a term of supervised release for conduct occurring during the term so long as a warrant or summons has issued before the term expires.  This section does not give the defendant a free pass to violate the terms of his supervised release after a revocation warrant issues.

The district court was authorized to base Jordan's sentence on the conduct described in the second amended warrant, and it did not abuse its discretion in sentencing him to the statutory maximum term of imprisonment based on that conduct.

The judgment is affirmed.

_____