**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30413 |
| Plaintiff - Appellee, | D.C. No. 9:01-cr-00037-DWM-1 |
| v. | |
| MICHELLE WING, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted October 5, 2010
Seattle, Washington

Before: THOMAS and M. SMITH, Circuit Judges, and HOGAN, District Judge.[**]

Michelle Wing argues on appeal that the district court lacked jurisdiction to

revoke her term of supervised release because the term had not yet commenced.

The record facially supports her claim: her new period of supervised release

appears to have been scheduled to commence after the district court hearing. *See*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael R. Hogan, United States District Judge for the
District of Oregon, sitting by designation.

18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment . . ."); *United States v. Johnson*, 529 U.S. 53, 57 (2000) (holding that a supervised release term does not commence until an individual "is released from imprisonment"); *United States v. Malandrini*, 177 F.3d 771, 774 (9th Cir. 1999).

As Wing concedes, this argument was not presented to the district court. However, because the argument implicates the court's jurisdiction, Wing is not precluded from raising it on appeal. *United States v. Powell*, 24 F.3d 28, 30 (9th Cir.1994). Because the district court has not had the opportunity to consider the argument, we are without benefit of the district court's analysis on the issue, or its analysis on the extent to which the revocation pertained (or could pertain) to Wing's first period of supervised release. *See Johnson v. United States*, 529 U.S. 694, 704-13 (2000) (noting that when a court "revokes" a supervised release term under Section 3583(e), that term "continues to have some effect"); *see also* 18 U.S.C. § 3583(h), (i). We would benefit from the district court's views, and it would be unfair to the district court for us to decide this case without giving it the opportunity consider the questions in the first instance. Therefore, we remand the case to the district court for consideration of the issues raised in the appeal.

**REMANDED**.