**AFFIRM; and Opinion Filed July 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00516-CR

**JASMINE EAQUENDALYN-DYS REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-82888-07**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Appellant appeals an order adjudicating her guilt for misdemeanor assault. In a single issue, appellant asserts the State violated her Sixth Amendment right to a speedy trial. For the following reasons, we affirm appellant's conviction.

In 2007, Appellant pleaded guilty to misdemeanor assault, and was placed on deferred adjudication probation for one year. The State later filed a motion to adjudicate appellant's guilt alleging she had violated several conditions of her probation. Appellant pleaded true to the State's allegations, but the trial court nevertheless continued her on probation for a period of one year. Shortly thereafter, based on appellant's agreement, the trial court again extended the period of her supervision.

In early 2010, the State filed its second motion to proceed with an adjudication of guilt alleging appellant had again violated several conditions of her probation, including testing

positive for marijuana, failing to report to her probation officer, and failing to pay various costs and fees. At the time it filed its motion, ten months still remained on appellant's probation. A warrant issued for appellant's arrest on February 3, 2010, but it was not executed until November 25, 2013.

Appellant filed a motion to dismiss asserting the State had violated her right to a "speedy revocation hearing" as guaranteed by the Sixth Amendment to the United States Constitution. At the hearing on appellant's motion to dismiss, the State did not present evidence of the reasons for its delay in prosecuting the motion. To meet her burden to show prejudice, appellant relied on the testimony of her probation officer, Billy White.

White was the probation officer that reported the violations the State alleged in its second motion to adjudicate. White explained that the probation department keeps records of a person's probation, chronologically noting everything. He admitted that such records can contain errors and that there have "probably" been times he has been able fix errors based on his memory of what actually occurred. He acknowledged he would not be able to do so after three years and eight months. White nevertheless explained the reason the probation department keeps chronological records and he writes everything down is because he sometimes cannot remember what "happened yesterday."

Appellant also elicited testimony from White that her first probation officer when she was initially placed on probation for the offense had passed away after the State filed its second motion to adjudicate. White also testified that, to his knowledge, the State would not have preserved the specimens collected for appellant's drug tests for more than one year.

After hearing the evidence, the trial court denied appellant's motion to dismiss. The trial court subsequently found appellant had violated five of the eleven conditions of her probation, adjudicated appellant guilty, and sentenced her to forty-five days in jail.

–2–

On appeal, relying on the Sixth Amendment to the United States Constitution, appellant asserts she was denied her right to a speedy revocation hearing. According to the State, the Sixth Amendment protects only the right to a speedy "trial," and does not apply to probation revocation proceedings. *See, e.g., United States v. House*, 501 F.3d 928, 930 (8th Cir. 2007); *United States v. Tippens*, 39 F.3d 88, 89 (5th Cir. 1994). Although the United States Supreme Court has yet to address the issue, the Texas Court of Criminal Appeals has definitively held the Sixth Amendment is applicable to revocation hearings. *Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978) (en banc); *Fariss v. Tipps*, 463 S.W.2d 176, 178 (Tex. 1971) (original proceeding). We have no authority to disregard or overrule this binding precedent.

In determining whether a defendants' right to a speedy revocation hearing was violated we consider the four factors as outlined in *Barker v. Wingo*: (1) the length of the delay, (2) the State's reasons for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant resulting from the delay. *See Barker v. Wingo*, 407 U.S. 514, 531 (1972); *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). No single factor is necessary or sufficient to show a violation of the right to a speedy trial, although the length of the delay is the "triggering mechanism" for analysis of the other factors. *See Barker*, 407 U.S. at 530, 533.

In the context of a probation violation, the length of the delay is measured from the date the State files its motion to revoke. *Martinez v. State*, 531 S.W.2d 343, 345 (Tex. Crim. App. 1976). If the delay is "presumptively prejudicial," the State then bears the burden of justifying the delay and the defendant has the burden of proving the assertion of the right and prejudice. *Doggett v. United States*, 505 U.S. 647, 657–58 (1992); *Cantu*, 253 S.W.3d at 280. In evaluating a speedy trial claim, we balance the State's conduct against the defendant's and consider the four factors together, along with any other relevant circumstances. *Barker*, 407 U.S. at 530, 533.

In reviewing the trial court's ruling on appellant's speedy-trial claims, we apply a bifurcated standard of review, an abuse of discretion for the factual components and a de novo standard for the legal components. *Cantu*, 253 S.W.3d at 282. In applying this standard, we defer to the trial court's resolution of disputed facts that are supported by the evidence. *Id.* The balancing test as a whole is then a purely legal question, which we review de novo. *Id.*

Here, appellant's revocation hearing was conducted over four years after the State filed its motion to proceed with an adjudication of guilt. This is sufficient to trigger analysis of the other Barker factors. *See State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999).

We therefore turn to the reasons offered to justify the delay. When assigning weight to the State's reasons, different reasons deserve different weights. *Barker*, 407 U.S. at 531. Deliberate attempts to delay a proceeding to hamper the defense weigh heavily against the State. *Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002). On the other hand, more neutral reasons, such as negligence, weigh less heavily against the State. *Id.* Here, the State did not present evidence showing the reasons for the delay. Appellant contends the delay was caused by "prosecutorial negligence." The factor weighs against the State, but not as heavily as deliberate delay.

The third factor is appellant's assertion of her right to a speedy revocation hearing. *See Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). This factor is entitled to strong evidentiary weight. *Cantu*, 253 S.W.3d at 283. Filing for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a "speedy" one. *Id.* If a defendant fails to first seek a speedy trial before seeking dismissal of the charges, she should provide cogent reasons for this failure. *Id.*

Appellant did not assert her right to a speedy revocation hearing for over four years after the State filed its motion to adjudicate. To explain this failure, appellant claims she was not

aware the State had filed the motion to adjudicate until she was arrested three years and eight months later. Although appellant presented evidence of the State's delay in arresting her, she did not present any evidence showing she did not otherwise have notice the State had filed the motion to adjudicate. Indeed, at the hearing, appellant did not claim she was unaware of the motion, but instead argued that she did not know if the State had "abandoned its intention to adjudicate."

Moreover, at the time the State filed the motion, appellant was on probation for these charges and was aware the charges would only be dismissed if she complied with the conditions of her probation. These circumstances are not akin to a person charged with a new offense that might have no reason to know criminal charges have been filed. At a minimum, appellant certainly should have known a motion to revoke had been filed and, had she reported to her probation officer, she would have known. *Cf. Burgett v. State*, 865 S.W.2d 594, 598 (Tex. App.—Fort Worth 1993, pet. ref'd) (appellant's failure to show he reported to his probation officer suggested he knew of charges). Under these circumstances, appellant's failure to provide "cogent reasons" for her failure to request a speedy revocation hearing for over four years strongly indicates she did not want a speedy hearing. This factor weighs heavily against appellant.

Finally, we consider whether appellant showed prejudice resulting from the delay. We assess this factor in light of the interests the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize the accused's anxiety and concern; and (3) to limit the possibility that the accused's defense will be impaired. *Barker*, 407 U.S. at 532. The most serious form of prejudice is the last because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*. Affirmative proof of particularized prejudice is not essential to every speedy trial claim, because "excessive delay presumptively

compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett,* 505 U.S. at 655. In such instances, the defendant is absolved from the requirement to demonstrate prejudice. *Gonzales v. State*, 435 S.W.3d 801, 812 (Tex. Crim. App. 2014)

Here, appellant concedes she presented no evidence she suffered either pretrial incarceration or any anxiety or concern as a result of the delay. She however asserts her defense was impaired by the delay. First, she relies on White's admission that the delay would make it impossible for him identify possible errors that might be in appellant's probation file. But he did not claim he would have been able to do so even if the motion had been timely prosecuted. Additionally, appellant did not present any evidence that White had a faulty memory with respect to any particular facts or circumstances relevant to her case. We conclude appellant failed to show any generalized lack of memory White may have had was the result of the complained-of delay or impaired her ability to defend herself.

Appellant also asserts her defense was impaired because the State had destroyed the specimen that it relied on to allege she had failed a drug test. This alleged prejudice relates to only one of eleven probation violations. The State later specifically abandoned this allegation, and the trial court did not rely upon it in adjudicating appellant's guilt. Appellant nevertheless claims that we cannot consider these subsequent events "retroactively." We review a trial court's ruling on a motion to dismiss based on the arguments, information, and evidence available to the trial court at the time it ruled. *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003). But we cannot agree it follows that we must disregard subsequent events which definitively negate appellant's showing of prejudice.[1] In any event, at the time the trial court ruled on appellant's motion to dismiss, it was certainly aware the State was only required to

---

[1] Of course, this issue would not arise in a traditional *Barker v. Wingo* case because the analogous subsequent event would be an acquittal.

–6–

prove one probation violation to support its motion. *Jones v. State, 5*71 S.W.2d 191, 193-94 (Tex. Crim. App. 1978) (proof of one ground for revocation will support revocation of probation); *Lee v. State*, 952 S.W.2d 894, 900 (Tex. App.—Dallas 1997, no pet.).[2]

Finally, appellant asserts her defense was impaired because her first probation officer had passed away during the delay. Although this witness was not her probation officer at the time of any of the alleged violations, she asserts the absence of the witness prevented her from challenging whether that probation officer had given her "notice" of the conditions of her probation. Appellant fails to explain how the testimony of a probation officer would show she was, or was not, given notice of the conditions of her probation. Moreover, when the trial court extended appellant's probation the first time she judicially confessed that she was aware of and understood the conditions of her probation.

Finally, appellant suggests we should "presume" prejudice from the length of the delay because it was so excessive that it compromised the reliability of the proceeding in ways she could neither prove nor identify. *See Doggett*, 505 U.S. at 655; *Dragoo,* 96 S.W.3d at 315. In this case, given the nature of the allegations – that appellant committed probation violations – we cannot agree it would have been particularly difficult for appellant to identify some manner in which she was prejudiced by the delay. We further conclude any "presumption of prejudice" is extenuated by appellant's acquiescence in the delay. *Dragoo*, 96 S.W.3d at 315. Reviewing the record, we conclude any showing of prejudice as a result of the delay was marginal and was extenuated by appellant's own conduct. We conclude this factor weighs against appellant.

Balancing the Barker factors, including the State's failure to justify the delay, as well has appellant's acquiescence to the delay and failure to show prejudice resulting from such delay, we

---

[2] We also note appellant did not request any lesser relief by, for example, asking the trial court to strike the State's allegation concerning the failed drug test.

cannot conclude her right to a speedy revocation hearing was violated. We resolve the sole issue against appellant and affirm her conviction.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

140516F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASMINE EAQUENDALYN-DYS REED,
Appellant

No. 05-14-00516-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 5, Collin County, Texas
Trial Court Cause No. 005-82888-07.
Opinion delivered by Justice Brown. Justices
Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of July, 2015.