# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2889
_____

United States of America

*Plaintiff - Appellee*

v.

James T. Smith

*Defendant - Appellant*

_____

No. 15-2951
_____

United States of America

*Plaintiff - Appellee*

v.

James Tyrone Smith-El

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: October 6, 2016
Filed: October 24, 2016
[Unpublished]

———————

Before LOKEN, BOWMAN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

In these consolidated criminal appeals, James Smith challenges (1) the judgment of the District Court[1] entered upon a jury verdict finding him guilty of bank robbery and attempted Hobbs Act robbery, 18 U.S.C. §§ 2113(a), 1951, and his concurrent sentences of 175 months in prison (No. 15-2889); and (2) the imposition of a consecutive 24-month prison sentence upon revocation of Smith's supervised release on a prior federal bank robbery sentence (No. 15-2951). We affirm.

First, contrary to Smith's view, the indictment sufficiently alleged the elements of the two offenses for purposes of federal jurisdiction. See 18 U.S.C. § 3231 (vesting federal district courts with original jurisdiction over federal offenses); United States v. Whitlow, 815 F.3d 430, 433 (8th Cir. 2016) ("An indictment is sufficient if it contains the elements of the offense charged, lets the defendant know what he needs to do to defend himself, and would allow him to plead a former acquittal or conviction if he were charged with a similar offense. Usually an indictment that tracks the statutory language is sufficient." (citations omitted)). Specifically, the indictment on the bank-robbery charge included allegations that Smith took money from a bank teller using a demand note and a bomb threat and that the bank's deposits were insured by the Federal Deposit Insurance Corporation. See 18 U.S.C. § 2113(a), (f). As to the Hobbs Act robbery, the indictment charged that Smith attempted to take

———

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

-2-

money from a casino cashier using a demand note and a bomb threat and that the casino engaged in interstate commerce. See 18 U.S.C. § 1951.

The record also establishes that Smith's statutory and constitutional speedy-trial rights were not violated because the period between the indictment and the trial was not uncommonly long or prejudicial and Smith was tried well within seventy days, taking into account delays that are excludable under the Speedy Trial Act. See 18 U.S.C. § 3161(h); United States v. Aldaco, 477 F.3d 1008, 1016–19 (8th Cir. 2007) (discussing Speedy Trial Act requirements and Sixth Amendment speedy trial rights). Smith's speedy-trial rights did not attach to his revocation proceedings. See United States v. House, 501 F.3d 928, 931 (8th Cir. 2007).

We have reviewed Smith's substantive and constitutional challenges to his sentence, and we conclude that the District Court did not impose an unreasonable or unconstitutional sentence by varying upward from the United States Sentencing Guidelines range after expressing concern about Smith's criminal history and citing appropriate sentencing factors. See United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (considering on review "whether the district court's upward variance was an abuse of the court's discretion"); see also United States v. Contreras, 816 F.3d 502, 514 (8th Cir. 2016) (noting that a sentence within the statutory range is generally not reviewable under the Eighth Amendment).

Finally, the evidentiary matters mentioned in Smith's brief, to the extent they have been sufficiently raised, provide no basis for reversal. See United States v. Yielding, 657 F.3d 688, 700 (8th Cir. 2011) (observing that an evidentiary dispute need not be resolved where any error in the admission of the evidence was harmless), cert. denied, 132 S. Ct. 1777 (2012); United States v. Ali, 616 F.3d 745, 751–52 (8th Cir. 2010) (explaining that an evidentiary ruling not objected to in the trial court is reviewed only for plain error).

We affirm the district court and deny Smith's pending motions.

_____