NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10330 |
| Plaintiff-Appellee, | D.C. No.<br>4:18-cr-01892-JAS-LAB-1 |
| v. | |
| CANDYLIZETT ORTEGA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted February 6, 2024
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and JOHNSTONE, Circuit
Judges.

Defendant Candylizett Ortega appeals the denial of her request for "safety-

valve" relief from the mandatory minimum sentence she received after pleading

guilty to six drug-related felonies.  We have jurisdiction under 28 U.S.C. § 1291.

The district court's factual determinations concerning her safety-valve

eligibility are reviewed for clear error.  *United States v. Ajugwo*, 82 F.3d 925, 929

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(9th Cir. 1996). Because defense counsel did not raise objections below, the district court's failure to hold an evidentiary hearing and the sufficiency of its reasoning are reviewed for plain error. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019). For the reasons below, we affirm.

Defendants are entitled to safety-valve relief from certain mandatory minimum sentences when they meet five requirements. *See* 18 U.S.C. § 3553(f); *United States v. Mejia-Pimental*, 477 F.3d 1100, 1109 (9th Cir. 2007). The issue here is whether Ortega met the fifth requirement: to truthfully provide the government with all information and evidence "relevant to the offense." *See* 18 U.S.C. § 3553(f)(5); *United States v. Salazar*, 61 F.4th 723, 727 (9th Cir. 2023) ("[T]he safety valve 'allows any provision of information in any context to suffice, so long as the defendant is truthful and complete.'" (quoting *Mejia-Pimental*, 477 F.3d at 1107 n.12)).

Defendants bear the initial burden of proving their safety-valve eligibility by a preponderance of the evidence. *United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir. 1996). Once defendants make their proffer, "it falls to the Government to show that the information . . . supplied is untrue or incomplete." *Id.* The district court ultimately determines safety-valve eligibility, *Mejia-Pimental*, 477 F.3d at 1103, and reasonable inferences will support its determination that a defendant must have known more than that shared with the government, *United States v. Orm Hieng*, 679

F.3d 1131, 1145 (9th Cir. 2012).

The record contains sufficient evidence to support the determination that Ortega's proffer was incomplete. Ortega never provided the government with contact information for people of interest, failed to disclose a trip to Mexico she took four weeks before her charged offense, and did not provide records confirming the source of funds she used to purchase two vehicles she drove to Mexico, including the vehicle she used to commit her offense.

While there is no comprehensive list of the information and evidence that qualifies as "relevant to the offense," *United States v. Thompson*, 81 F.3d 877, 879 (9th Cir. 1996), defendants must provide information and evidence concerning co-conspirators and "offenses that were part of the same course of conduct or of a common scheme or plan," *Shrestha*, 86 F.3d at 939 (internal citation omitted) (quoting *United States v. Arrington*, 73 F.3d 144, 149 (7th Cir. 1996)), which includes "uncharged related conduct," *United States v. Miller*, 151 F.3d 957, 958 (9th Cir. 1998). Because the above evidence supports a reasonable inference that Ortega's proffer omitted information she was required to provide under § 3553(f)(5), the determination that she was ineligible for safety-valve relief was not clearly erroneous. *Salazar*, 61 F.4th at 726 ("Our review 'is deferential, and we must accept the district court's factual findings unless we are "left with a definite and firm conviction that a mistake has been made."'" (quoting *United States v. Lizarraga-*

*Carrizales*, 757 F.3d 995, 997 (9th Cir. 2014))).

Further, failure to hold an evidentiary hearing was not plainly erroneous. "Where a fact relevant to sentencing is disputed, the district court must provide the parties a 'reasonable opportunity' to present information to the court." *United States v. Real-Hernandez*, 90 F.3d 356, 362 (9th Cir. 1996). However, "[t]here is no general right to an evidentiary hearing at sentencing, and a district court has discretion to determine whether to hold such a hearing." *Id*. (internal citations omitted). The district court gave the parties several reasonable opportunities to present evidence and argument on the safety-valve issue before and during sentencing. Nothing more was required.

Finally, the district court's reasoning was sufficiently specific to permit meaningful appellate review. "Section 3553(f) requires the district court to make specific findings 'at sentencing,' including that 'the defendant has truthfully' proffered, before it can apply [or deny] the safety valve." *Salazar*, 61 F.4th at 727 (cleaned up). "Without an adoption of the presentence report by the district court or an attempt to tie its sentencing decision to the Guidelines, we must vacate the sentence and remand for resentencing." *United States v. Vallejo*, 69 F.3d 992, 995 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Jan. 29, 1996) (quoting *United States v. Harrison-Philpot*, 978 F.2d 1520, 1522 (9th Cir.1992)).

At sentencing, the district court found Ortega had not truthfully proffered,

expressly adopted the presentence report, and unambiguously tied its safety-valve denial to the Sentencing Guidelines. The district court also gave the parties ample opportunity to develop and rebut arguments concerning Ortega's safety-valve eligibility before and during sentencing—the sentencing transcript, sentencing memoranda, objections, and presentencing report were all available for our review. Importantly, the district court expressly considered the evidence and arguments in these filings to reach its decision. *Cf. United States v. Franco-Lopez*, 312 F.3d 984, 993 (9th Cir. 2002) (remanding for further specification where "the record contain[ed] no indication of what [defendant] actually said in his debriefing, so neither we nor the district court are in any position to judge his truthfulness."); *United States v. Rangel-Guzman*, 752 F.3d 1222, 1226–27 (9th Cir. 2014) (same where district court mentioned the safety-valve once during sentencing and appeared to conflate safety-valve eligibility and obstruction of justice enhancement). Although the district court did not list specific facts supporting its determination, its reasoning was not plainly erroneous under the circumstances.

**AFFIRMED.**