**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30186 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00004-DLC-1 |
| v. | |
| CHRISTOPHER GLENN LAKEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted July 12, 2018[**]
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joan Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

Christopher Glenn Lakey appeals his sentence of eighteen months in custody and three years of supervised release, imposed following his guilty plea to one count of escape in violation of 18 U.S.C. § 751(a).  We review de novo, *United States v. Tomsha-Miguel*, 766 F.3d 1041, 1049–50 (9th Cir. 2014), and we affirm.

As a result of Lakey's guilty plea, he "conclusively admit[ted] all factual allegations of the indictment," *United States v. Yijun Zhou*, 838 F.3d 1007, 1013 (9th Cir. 2016), including that he was in "the custody of the Attorney General or his authorized representative," or he was "confined by direction of the Attorney General," 18 U.S.C. § 751(a).

Lakey argues that 18 U.S.C. § 751(a) cannot legally apply because he was on supervised release by virtue of being housed at the Butte Prerelease Residential Reentry Center.  Even if Lakey's guilty plea had not waived this argument, it would be unavailing.  Unlike the circumstances in *United States v. Sullivan*, 504 F.3d 969 (9th Cir. 2007), *United States v. Burke*, 694 F.3d 1062 (9th Cir. 2012), and *United States v. Turner*, 689 F.3d 1117 (9th Cir. 2012), Lakey had "not yet served his entire federal sentence" at the time of his escape, so he had "not been released from [the Bureau of Prison's ("BOP")] legal custody." *United States v. Earl*, 729 F.3d 1064, 1067 (9th Cir. 2013).  Therefore, his term of supervised release had not commenced. *Id.* at 1067–68; *see United States v. Miller*, 547 F.3d

2

1207, 1210–13 (9th Cir. 2008) ("Regardless of where the BOP elects to transfer a person, she or he remains under BOP custody until the prescribed term of 'imprisonment' expires.").

**AFFIRMED.**