FILED
United States Court of Appeals
Tenth Circuit

March 3, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

MATTHEW CHANNON,

   Defendant - Appellant.

No. 20-2085
(D.C. No. 1:13-CR-00966-JCH-SMV-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Matthew Channon, representing himself pro se on appeal,[1] contends the

district court erred in rejecting his argument that he completed his term of supervised

release before he self-surrendered to serve out his term of imprisonment. Because the

relevant statute, 18 U.S.C. § 3624(e), requires a convicted individual to complete his

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we do not act as a pro se litigant's advocate by, for example, "constructing arguments" or "searching the record" for support. *Id.*

term of imprisonment before his term of supervised release can begin, we affirm the district court's ruling.

On April 12, 2013, Channon was arraigned on several charges and released on his own recognizance. A jury convicted him on five counts. On October 20, 2016, the district court sentenced him to 12 months plus one day of imprisonment and two years of supervised release. Channon alleges that, following his sentencing, the United States Marshals took him into custody for processing and then released him on that same date. The district court's judgment instructed him to "surrender for service of sentence at the institution designated by the Bureau of Prisons . . . as notified by the United States Marshal." R. vol. 1, 122. The district court granted his motion for continued release pending appeal and clarified that he was required to comply with the same conditions that had been imposed before his trial, not with the "conditions of supervised release [he] must comply with upon his release from prison." R. vol. 1, 149. This court affirmed his conviction on direct appeal, *see United States v. Channon*, 881 F.3d 806, 808 (10th Cir. 2018) (remanding for further proceedings on judgment of forfeiture but otherwise affirming), and the district court ordered him to self-surrender no later than May 2, 2019. According to Channon, he self-surrendered on May 2, 2019, and, after he completed his term of imprisonment, the Bureau of Prisons released him from its custody in March 2020.

Following his release from imprisonment, Channon filed a "Motion to Recognize Completion of Supervised Release," in which he argued that his two-year term of supervised release began to run in 2013, or, at the latest, on October 20,

2016, and thus had already been completed by the time he self-surrendered on May 2, 2019. R. vol. 1, 291 (capitalization and formatting altered). The district court denied his motion, holding that his term of supervised release did not begin until he was released from confinement in March 2020. Channon appeals that ruling.

This appeal involves a question of statutory interpretation that we review de novo. *See United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017).

The parties dispute the interpretation of 18 U.S.C. § 3624(e), which provides in pertinent part:

> A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on *the day the person is released from imprisonment* and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.

18 U.S.C. § 3624(e) (emphasis added). Citing the italicized language, Channon contends there are three days—specifically in April 2013, October 2016, and early 2020[2]—that qualify as "the day [he was] released from imprisonment." *Id.* In Channon's view, this language allows a sentence to a term of supervised release to be served in a disjointed fashion even before it has been imposed by the district court,

---

[2] At one point in his opening brief, Channon seems to suggest that he was released from imprisonment in January 2020, when he apparently transitioned from prison to a halfway house, but he elsewhere seems to acknowledge that he was not released from imprisonment for purposes of the statute until March 2020. Either way, he asserts that he was released from imprisonment for a third and final time during the first quarter of 2020.

3

stopping and starting every time a pretrial detainee or recently-convicted defendant is processed and released from physical custody pending further proceedings.

But Channon's statutory interpretation ignores the critical first sentence of the subsection: "A prisoner whose sentence includes a term of supervised release *after* imprisonment shall be released . . . ." § 3624(e) (emphasis added). As the D.C. Circuit has explained, "the first provision of § 3624(e) indicates that the 'release' it references is release by the Bureau of Prisons to the supervision of a probation officer for a term of supervision *following expiration* of a sentence's term of imprisonment." *United States v. Davis*, 711 F.3d 174, 176 (D.C. Cir. 2013). And Channon himself recognizes that the subsection refers to "*the* day the person is released from imprisonment." § 3624(e) (emphasis added). Considered together with the first sentence of this subsection, this phrasing indicates that a defendant's term of supervised release begins to run on a single date following the completion of his term of imprisonment. This interpretation is also consistent with the first subsection of this statute, which refers to a prisoner's release "by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment." § 3624(a).

In arguing that the statute should be interpreted as he proposes, Channon relies on cases in which courts held that a defendant's term of supervised release did not begin until the defendant was actually released from confinement, regardless of whether the defendant should have been released earlier. *See United States v. Johnson*, 529 U.S. 53, 58 (2000); *United States v. Earl*, 729 F.3d 1064, 1068 (9th Cir. 2013); *Francis v. Maloney*, 798 F.3d 33, 38–39 (1st Cir. 2015). He argues that these

4

cases support his position because he was actually released from confinement on three occasions beginning in April 2013. But these cases do not support Channon's view that a defendant's term of supervised release is triggered under the statute by any release from any type of custody, regardless of whether the defendant has completed his term of imprisonment. *See Johnson*, 529 U.S. at 58 (stating that "the prison term and the release term are related, *for the latter cannot begin until the former expires*" (emphasis added)); *United States v. Earl*, 729 F.3d at 1068 (holding that defendant's "term of supervised release could not begin until his prescribed term of imprisonment expired"); *Francis*, 798 F.3d at 38–39 (holding that defendant who allegedly over-served prison sentence was still required to serve full term of supervised release commencing on date he was released from confinement). And notably, Channon does not cite, nor have we found, a single case in which his argument has been accepted. Thus, rather than supporting Channon's argument, the case law supports our conclusion that § 3624(e) unambiguously provides that supervised release does not commence until after the defendant has completed his term of imprisonment. And because the statutory language is clear and unambiguous, we need not consider Channon's policy arguments in favor of his position. *See United States v. Quarrell*, 310 F.3d 664, 669 (10th Cir. 2002) ("If the language is clear and unambiguous, the plain meaning of the statute controls.").

Accordingly, we hold that a defendant must complete his term of imprisonment before his term of supervised release can begin. We therefore affirm

the district court's denial of Channon's Motion to Recognize Completion of Supervised Release.

Entered for the Court

Nancy L. Moritz
Circuit Judge